```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

CRYSTAL CHERRY,                  :
                                 :    Civil Action No. 09-6562 (SDW)
          Plaintiff,             :
                                 :
     v.                          :    **ORDER**
                                 :
JANET MONROE, et al.,            :
                                 :
          Defendants.            :

   This matter comes before the Court pursuant to Plaintiff's Applications for leave to proceed in forma pauperis and for appointment of Pro Bono Counsel pursuant to 28 U.S.C. § 1915(e)(1).

   Based upon Plaintiff's affidavit of indigency, this Court will grant her leave to proceed in forma pauperis.

   Indigent persons raising civil rights claims have no absolute constitutional right to counsel. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). In determining whether to appoint counsel, a court should consider several factors:

> As a preliminary matter, the plaintiff's claim must have some merit in fact and law. ... If the district court determines that the plaintiff's claim has some merit, then the district court should consider the following factors:
>
>     (1) the plaintiff's ability to present his or her own case;
>     (2) the complexity of the legal issues;
>     (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
>     (4) the amount a case is likely to turn on credibility determinations;

>     (5) whether the case will require the testimony of
> expert witnesses;
>     (6) whether the plaintiff can attain and afford
> counsel on his own behalf.
>
> [Tabron v. Grace, 6 F.3d 147, 155-56, 157 n.5 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994).]  This list of factors is not exhaustive, but instead should serve as a guide post for the district courts.
>
>     Correspondingly, courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases.  Id. at 157.

Parham, 126 F.3d at 457-58.

In considering the first factor, courts should consider "the plaintiff's education, literacy, prior work experience, and prior litigation experience."  Tabron, 6 F.3d at 156.  In addition, courts should consider whether the plaintiff has access to resources such as a typewriter, photocopier, telephone, and computer.  Id.

"Where the legal issues are complex, it will probably serve everyone involved if counsel is appointed."  Parham, 126 F.3d at 459 (citing Tabron, 6 F.3d at 156 and Maclin v. Freake, 650 F.2d 885, 889 (7th Cir. 1981) (per curiam) ("[W]here the law is not clear, it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis.")).

In considering the ability of a plaintiff to investigate the facts, courts "should be aware that it may be difficult for indigent plaintiffs to understand the complex discovery rules."

Parham, 126 F.3d at 460.

In considering the credibility factor, "courts should determine whether the case was solely a swearing contest." Parham, 126 F.3d at 460.

The necessity of an expert witness "weighs heavily in favor of appointment of counsel." Parham, 126 F.3d at 460.  Finally, where other factors weigh in favor of appointment of counsel, evidence that a plaintiff has made extensive unsuccessful efforts to obtain counsel weighs heavily in favor of appointment. Parham, 126 F.3d at 461.

Analysis of these factors reveals that appointment of counsel is appropriate at this time.  As a preliminary matter, Plaintiff has presented a claim that may have merit, that is, that the defendants either maliciously or without the exercise of professional judgment altered her therapeutic environment and privileges.  Certainly, this claim is sufficient to avoid dismissal at this screening stage.  See 28 U.S.C. § 1915.

Plaintiff appears to be an involuntarily committed mental patient, presumably suffering from some degree of psychological impairment.  In addition, Plaintiff has alleged that she is illiterate and that she has only the assistance of another patient, a person not trained in the law, to help her in this matter.  Although it is not clear at this point how complex the factual or legal matters will prove to be, it appears that

Plaintiff's psychological impairment and illiteracy tip the balance in favor of appointment.

In this regard, the Court notes that counsel was recently appointed to represent Plaintiff in another matter challenging the conditions of her commitment.  See Cherry v. Whitehead, Civil No. 09-4161 (SDW).

For the foregoing reasons,

IT IS on this 23rd day of July, 2010,

ORDERED that Plaintiff's Application for leave to proceed in forma pauperis is GRANTED; and it is further

ORDERED that the Clerk of the Court shall file the Complaint without prepayment of fees or security; and it is further

ORDERED that this matter may proceed beyond the screening stage applicable, pursuant to 28 U.S.C. § 1915, to in forma pauperis matters; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(d), the Clerk shall issue summons and the United States Marshal shall serve summons and copies of the Complaint, this Order, and the Opinion accompanying this Order upon all Defendants, with all costs of service advanced by the United States; and it is further

ORDERED that Plaintiff's Application for Pro Bono Counsel is GRANTED; and it is further

ORDERED that this matter is hereby referred to the Clerk of Court for appointment of an attorney from the Civil Pro Bono

Panel and for further action in accordance with Appendix H of the Local Civil Rules.  It is suggested that the Clerk first confer with counsel appointed in <u>Cherry v. Whitehead</u>, Civil No. 09-4161, to determine whether such counsel is available to represent Plaintiff also in this matter; and it is further

ORDERED that, within 30 days following appointment, such appointed counsel shall advise the Court whether counsel will be submitting an amended complaint in this matter; and it is further

ORDERED that any such amended complaint shall be filed within 60 days after appointment of counsel; and it is further

ORDERED that Defendants need not file an answer in this matter until further order of this Court.

<u>s/Susan D. Wigenton</u>
Susan D. Wigenton
United States District Judge